**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAN NEIL, CORIE BROWN, HENRY WEINSTEIN, WALTER ROCHE, JR., MYRON LEVIN and JULIE MAKINEN, individuals, on behalf of themselves and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>SAMUEL ZELL; GREATBANC TRUST COMPANY, a Delaware corporation; EGI-TRB, L.L.C, a Delaware corporation,<br><br>**Defendants.** | No. 08 C 6833<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, participants in Tribune Company's Employee Stock Ownership Plan ("ESOP"), brought suit against several Defendants involved in the complicated set of transactions that created the ESOP and made it Tribune Company's sole shareholder. In an earlier order, the court granted in part and denied in part a motion by all Defendants for dismissal. In that order, the court noted that if any relief is to be available against Defendants Samuel Zell and EGI-TRB, the relief must be equitable in nature. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Defendants Zell and EGI-TRB now move for judgment on the pleadings, arguing that no equitable relief is available against them. For the reasons that follow, Defendants' motion is granted in part and denied in part; the court finds that one of Plaintiffs' claims for relief—removing Zell and EGI-TRB from having any fiduciary responsibility over the ESOP—might constitute appropriate equitable relief if Plaintiffs succeed in proving their ERISA claims against Zell and EGI-TRB. The court recognizes that developments in Tribune's bankruptcy proceeding or elsewhere might moot the availability of that relief. If that occurs, Zell and EGI-TRB will be dismissed as Defendants.

## BACKGROUND

The court's earlier order contains a detailed description of the transactions that transformed Tribune from a publicly traded company to a private employee-owned one. *Neil v. Zell*, 677 F. Supp. 2d 1010, 1015-18 (N.D. Ill. 2009). Defendant Zell proposed the deal, which involved, among other things, investment in Tribune by EGI-TRB, an entity controlled by Zell, and which gave Zell a seat on Tribune's Board of Directors and gave EGI-TRB the power to choose two other members of the Board. *Id.* Now that Tribune is in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware, those powers are subject to alteration. The court has granted Zell and EGI-TRB's motion to take judicial notice of the Proposed Amended Joint Plan of Reorganization that is currently pending before the bankruptcy court. According to the latest order from that court, a Confirmation Hearing will be held on October 4, 2010.

## ANALYSIS

In its earlier order, the court explained that if Zell and EGI-TRB are to be held liable for knowingly participating in a fiduciary breach or for engaging in a transaction prohibited by ERISA, the only type of relief available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) is "appropriate equitable relief." *Neil*, 677 F. Supp. 2d at 1022, 1025. As the Supreme Court has explained, § 502(a)(3) contemplates "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993). An action authorized by this provision "generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002). Restitution is a typical equitable remedy, but if the property in question has been disposed of, a party may seek disgorgement of proceeds, a form of restitution. *SEC v. Lipson*, 278 F.3d 656, 663 (7th Cir. 2002) (citing *SEC v. Commonwealth Chemical Securities*, Inc., 574 F.2d 90, 95 (2d Cir.1978)).

Plaintiffs seek the disgorgement of the following payments made to Zell and EGI-TRB during the merger: expenses that Tribune paid to EGI-TRB, interest that Tribune paid on EGI-TRB's $200 million loan before the close of the merger, interest that Tribune paid on EGI-TRB's $225 million loan after the close of the merger, and the difference between the amount paid to EGI-TRB in the stock buyback and the stock's fair market value.[1] (Third Amended Compl. ¶¶ 78, 119, 176, 193, at 56-58.) In addition, Plaintiffs seek injunctions barring Zell and EGI-TRB from participating in further fiduciary breaches, barring them from committing further ERISA violations, barring them from serving as fiduciaries of the ESOP or any Tribune plan, and even barring them from serving as fiduciaries of *any* ERISA plan in the future. (*Id.*, at 56.)

In its earlier order, the court noted that "the only entity that directly obtained any plan assets is Tribune Company, which is not a party." *Neil*, 677 F. Supp. 2d at 1022. Zell and EGI-TRB rely on that statement to argue that because they never received any assets of the ESOP, the ESOP is not entitled to any disgorgement from them. (Zell Defs' Br., at 15.) Plaintiffs respond that a disgorgement remedy is appropriate even if Zell and EGI-TRB did not receive any property from the ESOP. (Pls' Br., at 12-13.) Plaintiffs' theory is that they can recover in equity *any* profits that Zell and EGI-TRB netted by their knowing participation in a fiduciary breach or by engaging in a prohibited transaction. As support, Plaintiffs cite a case in which a district court ruled that it could order a non-fiduciary that was unjustly enriched by its participation in a fiduciary breach to repay the funds it unjustly received. *Solis v. Couturier*, No. 2:08-cv-02732, 2009 WL 1748724, at *6 (E.D. Cal. June 19, 2009). That case is instructive, but its conclusion is not nearly as broad as

---

[1] Defendants Zell and EGI-TRB insist that aside from a reimbursement of $2.5 million for legal fees, EGI-TRB never received any payments from Tribune. (Zell Defs' Reply Br., 4-6.) Even if the court were inclined to reject the allegations in Plaintiffs' complaint based on Defendants' assertion, doing so is unnecessary to the court's ruling. For purposes of this order, the court assumes Plaintiffs' allegations to be true.

3

Plaintiffs suggest because the court determined only that it could order repayment of the funds to the funds' original owner. *Id.*

Plaintiffs are no doubt correct that ordering the repayment of funds unjustly received constitutes equitable relief, but Plaintiffs cannot explain why *they* are entitled to repayment of funds that originated with Tribune. Under ERISA, plan participants may bring suit for relief on behalf of the plan but not on behalf of some other entity. *See Kenseth v. Dean Health Plan, Inc.*, No. 08-3219 — F.3d —, 2010 WL 2557767, at *23 (7th Cir. June 28, 2010). As Plaintiffs see things, though, the ESOP is entitled to funds that must be repaid to Tribune because Tribune's stock is the ESOP's sole asset. (Pl's Br., at 13-14.) In support, Plaintiffs cite two cases suggesting that, in a suit by ESOP participants, a court can order restitution and disgorgement related to assets unjustly transferred from the ESOP-owned company. *Johnson v. Couturier,* 572 F.3d 1067, 1079 (9th Cir. 2009); *Chao v. USA Mining, Inc.*, No. 1:04-CV-1, 1:04-CV-138, 2007 WL 208530, at *14-*15 (E.D. Tenn. 2007). Those cases are distinguishable, though, because in both, the ESOP-owned company was a party to the litigation.[2] Tribune is not a party to this case, so the court cannot order relief that would involve repayment of funds that originated with Tribune. Another way of viewing Plaintiffs' desired relief is by analogy to relief in a shareholder's derivative suit; in such suits, "[t]he corporation is a necessary party to the action; without it the case cannot proceed." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). Thus, all claims for relief in the nature of returning property that originated with Tribune must be dismissed.

The other relief sought by Plaintiffs are injunctions barring Zell and EGI-TRB from participating in further fiduciary breaches, barring them from committing further ERISA violations,

---

[2] With respect to some of the payments at issue here, the cases are arguably distinguishable for another reason as well: in both, the unjust payments were made at a time when the ESOP owned the company. Here, most of the payments were made before the ESOP was the owner of Tribune. The court notes Plaintiffs' argument that the payments for the stock buyback were not made before the ESOP owned Tribune but simultaneously with the consummation of the merger. (Pls' Br., at 8-10.) Resolving the issue is unnecessary.

4

barring them from serving as fiduciaries of the ESOP or any Tribune plan, and even barring them from serving as fiduciaries of *any* ERISA plan in the future. (Third Amended Complaint, at 56, Pls' Br., at 16.) Zell and EGI-TRB do not suggest that such injunctions would be anything but equitable relief. *See Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991) (holding that injunction against ever serving as an ERISA fiduciary was appropriate equitable remedy under ERISA § 502(a) because it was "among the remedies available under the law of trusts"). Instead, Zell and EGI-TRB argue that such relief would be inappropriate because, first, the only alleged fiduciary breach or ERISA violation that has continued effect is the Investor Rights Agreement, and the court is without power to enjoin enforcement of the Agreement because Tribune is a party to the Agreement but not a party in this case. (Zell Defs' Br., at 17; Zell Defs' Reply Br., at 9-10.) Indeed, "'[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'" *U.S. ex rel. Hall v. Tribal Development Corp.*, 100 F.3d 476, 478 (7th Cir. 1996) (quoting *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975)). Plaintiffs do not argue otherwise, and joining Tribune as a party is impossible because of the bankruptcy proceedings.

Zell and EGI-TRB next argue that debarment is an inappropriate remedy because they did not serve as fiduciaries in the transactions at issue and because their conduct was not sufficiently egregious. (Zell Defs' Br., at 14; Zell Defs' Reply Br., at 10-13.) The court agrees that, in the complaint before this court, Plaintiffs have not alleged the type of repeated and egregious conduct that would justify permanently enjoining Zell and EGI-TRB from serving in any capacity as ERISA fiduciaries. *Cf. Chao v. Merino*, 452 F.3d 174, 185-86 (2d Cir. 2006) (subject of injunction had repeatedly failed to act to prevent embezzlement of plan assets by service provider she knew could not be trusted); *Martin v. Feilen*, 965 F.2d 660, 672 (8th Cir. 1992) (subjects of injunction "had repeatedly used their fiduciary control over the ESOP's assets to profit from self dealing"); *Beck*, 947 F.2d at 641 (subjects of injunction engaged in self-dealing that caused plans to lose more than

$20 million dollars; they violated ERISA "in a massive way"). Such an order would not meet the general requirement that injunctions be tailored to the scope of the alleged misconduct. *Dexia Credit Local v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010).

To argue that they cannot be barred from serving as fiduciaries of the ESOP or other Tribune plans, Zell and EGI-TRB rely on their status, at the time of the merger, as non-fiduciaries. They cite a district court's reasoning that "it defies logic to argue that debarment of a fiduciary is an appropriate equitable remedy to redress a wrong committed by a non-fiduciary." *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Arizona, Inc.*, 661 F. Supp. 2d 1076, 1097 (D. Ariz. 2009). The court is inclined to agree with this reasoning as a general matter, but when the result of a non-fiduciary's wrong is that the non-fiduciary is installed as a fiduciary, undoing that installation would seem to be an appropriate remedy. Plaintiffs assert that as Chairman of Tribune's Board of Directors, Zell is a fiduciary of the ESOP. (Pls' Br., at 16-17.) Indeed, because the plan is administered by a committee appointed by the Board of Directors, the members of the Board have fiduciary responsibilities to the plan in at least some respects. *Baker v. Kingsley*, 387 F.3d 649, 663-64 (7th Cir. 2004). And the same goes for EGI-TRB, which, under the Investor Rights Agreement, has rights of corporate governance that allow it to influence the Board of Directors. Accordingly, the court finds that if Zell and EGI-TRB are shown to have participated in a fiduciary breach or to have engaged in a transaction prohibited by ERISA, barring them from having fiduciary responsibility over the ESOP might constitute appropriate equitable relief. In reaching this conclusion, the court notes the possibility that developments in Tribune's bankruptcy proceeding or elsewhere might moot the availability of such relief.

**CONCLUSION**

For the foregoing reasons, Defendants Zell and EGI-TRB's Motion for Judgment on the Pleadings [157] is granted in part and denied in part. If a change in circumstances renders impossible an injunction preventing Zell and EGI-TRB from exercising fiduciary duties over the ESOP, they will be dismissed as Defendants.

ENTER:

Dated: August 9, 2010

_____
REBECCA R. PALLMEYER
United States District Judge