Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6833 | **DATE** | 3/8/2011 |
| **CASE TITLE** | Dan Neil, et al vs. Samuel Zell, et al | | |

**DOCKET ENTRY TEXT**

Written Opinion: For the reasons mentioned below, GreatBanc's motion for reconsideration [162] is denied. The court notes that GreatBanc remains free to further develop these theories in a motion for summary judgment. (For further details see minute order.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendant GreatBanc has filed a motion for reconsideration of the court's December 17, 2009 memorandum addressing Defendants' motion to dismiss Plaintiffs' second amended complaint. *Neil v. Zell*, 677 F.Supp.2d 1010 (N.D. Ill. 2009). GreatBanc's motion challenges three of the court's conclusions: (1) that Plaintiffs adequately alleged the Tribune Company shares purchased by the ESOP were not "qualifying employer securities" for purposes of an ERISA prohibited transaction analysis; (2) that the ESOP was an "indirect purchaser" of the shares, and therefore GreatBanc could be liable for approving payment of more than "adequate consideration" for purposes of a prohibited transaction analysis; and (3) that Plaintiffs stated a claim against GreatBanc for breach of its fiduciary duty in allowing Step Two of the merger to proceed.

The court notes that the first issue GreatBanc raises has since been addressed in this court's opinion on Plaintiffs' Motion for Partial Summary Judgment [187]. The court concluded that GreatBanc did engage in a "prohibited transaction" because the stock it purchased did not qualify as an "employer security" as required by ERISA. *Neil v. Zell*, No. 08 C 6833, __ F.Supp.2d ___, 2010 WL 4670895, at *6 (N.D. Ill. Nov. 9, 2010). The motion for reconsideration on this issue is therefore moot.

Next, GreatBanc argues that the court should consider the theory that the ESOP did not indirectly purchase the shares because the Tribune Company retired the shares before the merger, and therefore GreatBanc could not be liable for engaging in a prohibited transaction. (Mot. for Recons. at 11.) In its opinion on the motion to dismiss, the court itself commented on this theory but declined to address it because it had not been briefed. 677 F.Supp.2d at 1028 n.4. GreatBanc does put forth an argument on this issue in its motion for reconsideration to "correct [the] oversight." (Mot. for Recons. at 11.) Plaintiffs do not respond to the merits of GreatBanc's argument developing this theory, but instead argue this argument has been waived, and is more properly asserted in a motion for summary judgment. (Response [165] at 4.) The court agrees. The opinion at issue came in response to Defendants' motion to dismiss. Defendant GreatBanc had the opportunity to develop this argument if they wished, but did not do so until their motion for reconsideration. Should GreatBanc desire to raise this argument, it can do so in a motion for summary judgment in which both

| STATEMENT |
|---|

parties will have adequate opportunity to brief the issue.

Finally, GreatBanc urges that it could not have done anything to prevent Step Two of the merger and therefore cannot be liable for a breach of fiduciary duty in allowing that portion of the transaction to proceed. (Mot. for Reconsid. at 13.) In its discussion of this issue, the court concluded that Plaintiffs stated a claim for the breach of fiduciary duty arising from the period between Step One and Step Two of the transaction. The court agreed with Plaintiffs that GreatBanc could either have exercised the Merger Agreement's Material Adverse Effect clause or organized a shareholder vote against the merger. 677 F.Supp.2d at 1020-21. The only argument GreatBanc raises in its motion for reconsideration is an explicit appeal that the court evaluate Plaintiffs' theory under the "plausibility" requirement of *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* GreatBanc argues that "this theory . . . is implausible. . . . [H]ow exactly was GreatBanc supposed to talk the remaining Tribune shareholders out of accepting more money than their shares were allegedly worth?" (Mot. for Recons. at 13.) Defendants briefed this very issue in their motion to dismiss, (Mem. in Supp. of Mot. to Dismiss [111] at 21, 24-25), and Plaintiffs responded. (Response [113] at 21-22.) The court's evaluation of these arguments included a plausibility analysis. GreatBanc offers no new information that causes the court to reconsider its previous conclusion that, taking the facts set forth in Plaintiff's complaint as true, it is plausible that GreatBanc, as the ESOP's trustee, could have taken action to halt the merger.

For the aforementioned reasons, GreatBanc's motion for reconsideration [162] is denied. The court notes that GreatBanc remains free to further develop these theories in a motion for summary judgment.