IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAN NEIL, *et al.*,         )
                            )
        Plaintiffs,         )  No. 08 C 6833
                            )
        v.                  )  Judge Rebecca R. Pallmeyer
                            )
SAMUEL ZELL, *et al.*,      )  Magistrate Judge
                            )  Arlander Keys
        Defendants.         )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are current and former employees of the Tribune Company who participated in the Company's Employee Stock Ownership Plan ("ESOP"). They brought suit against several defendants involved in the complicated set of transactions that converted the Tribune Company from a publicly traded company to a private company wholly owned by the employees. Defendants include GreatBanc Trust Company, the trustee of the ESOP; members of the committee that oversaw the ESOP; members of the Tribune Company's Board of Directors; and Samuel Zell. Mr. Zell was instrumental in structuring the going-private deal, which made him the CEO of the Tribune Company after the deal was completed in December 2007. Another Defendant is EGI-TRB, LLC, which is an entity controlled by Mr. Zell, that invested millions of dollars in the Tribune Company in exchange for shares of the Tribune Company's common stock and a promissory note from the Company.

Currently before the Court are three motions regarding the designation of specific documents produced during discovery: 1) GreatBanc's motion to maintain certain documents as "confidential" under the parties' confidentiality protective order [ECF No. 205]; 2) Mr. Zell and EGI-TRB's motion to confirm confidential designation of certain produced documents and/or for deferral of confidentiality determination pending resolution of the Rule 12(c) motion [ECF No. 207]; and 3) Mr. Zell and EGI-TRB's motion for leave to file documents under seal [ECF No. 210] (collectively, the "Motions"). In the Motions, GreatBanc, Mr. Zell and EGI-TRB (collectively, the "Defendants") seek an order maintaining the Confidential designation for certain documents under the Confidentiality Protective Order. For the reasons explained below, Defendants' Motions are denied.

**Background Facts**

Plaintiffs filed this lawsuit in September 2008, just three months before the Tribune Company filed for Chapter Eleven bankruptcy. (Third Amend. Compl. at ¶ 8.) The Tribune Company is currently in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. In the operative complaint, the Third Amended Complaint, Plaintiffs allege that Defendants breached their fiduciary duty and engaged in transactions forbidden by the Employee Retirement Income Security Act ("ERISA"). (Third Amend. Compl. at ¶¶ 168-197.) In

anticipation of the exchange of confidential business and personal information during pretrial discovery, the parties agreed to a protective order. On March 18, 2010, the District Court entered the parties' agreed protective order (the "Protective Order"). [ECF No. 177].

According to the Protective Order, the parties agreed that certain confidential documents would be prohibited from public disclosure as public disclosure of these documents would be detrimental to the parties or to third parties. In that Order, the parties agreed that the term Confidential would be defined as:

> Discovery Material which any party or third party believes in good faith contains or reveals sensitive, non-public information, including personal records, income tax returns, or any other documents or information described in Fed. R. Civ. P. 26(c)(1)(G) … as well as any report, summary, analysis, or other document derived from such documents or information.

(Pro. Order at ¶ 2.)

Defendants' initial document productions were turned over to Plaintiffs prior to the parties' request that the Court enter a protective order. (GreatBanc Mem. at p. 2.) Rather than withhold documents until the Court entered a protective order, Defendants produced all of their documents in this initial production, more than one hundred thousand pages, designated as Confidential with an understanding that they would later re-designate the documents in conformance with the Protective Order. (*Id.*; Pls. Consol.

Resp. at p. 1.)

Defendants' blanket designation of their initial document production as Confidential has led to extremely limited public access in this case and has made an unnecessary mess of the docket, with most of the pleadings and briefs being filed twice (one redacted version and one under seal). Attempting to read the Third Amended Complaint is akin to piecing together a puzzle because so much of it is redacted. In the Third Amended Complaint, Plaintiffs redacted the information included in the currently disputed documents because they are considered Confidential until the Court rules. There are many pages of the subject Complaint where only a few lines are <u>not</u> redacted. (*See e.g.* Third Amend. Compl. at p. 21.)

After the District Court entered the Protective Order, but before Defendants re-designated their document production, Plaintiffs objected to the Confidential designation of certain documents and groups of documents. (GreatBanc Mem. at p. 3.) The parties then met, conferred, and discussed the designation of specific documents and came to agreements regarding some, but did not agree on all. (*Id.*)

Under Paragraph 9 of the Protective Order, if counsel are unable to resolve objections to confidentiality designations, the party seeking confidential treatment must move the Court to designate as confidential each disputed document or category of

4

documents or information. (Prot. Order at ¶ 9.) Since filing the Motions, Plaintiffs and Defendants continued to discuss the designation of certain documents and have come to some agreements regarding the designation of a few documents originally disputed in the Motions. (Pl. Supp. Rep. at pp. 1-4. ) The documents still in dispute include seven documents classified as Confidential by Mr. Zell and EGI-TRB and eleven documents classified as Confidential by GreatBanc.

## Discussion

The Federal Rules of Civil Procedure broadly permit parties in litigation to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). When good cause is shown, Federal Rule of Civil Procedure 26(c)(1)(G) allows courts to enter orders protecting "a trade secret or other confidential research, development, or commercial information." In deciding whether the moving party has established good cause, the Court balances the parties' interest in keeping certain information confidential against the public's right to inspect documents filed in a court proceeding. *Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567-68 (7th Cir. 2000). Even after a confidentiality agreement is agreed to and the court enters it, the court must apply this test in order to determine which documents should be filed under seal. *Id.(noting* the parties' confidentiality

agreement cannot require a court to hide a whole case from view). In applying this test, a court "must be firmly convinced that disclosure is inappropriate" before rejecting the presumption of access. *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1313 (7th Cir. 1984). As the Court noted in *Continental*, "[w]hile sealing of one document in one case may not have a measurable effect on confidence in judicial integrity or on the effective operation of the courts, the effect of a consistent practice of sealing documents could prove damaging." *Id.* at 1314.

The Seventh Circuit has held that, even though the public has a presumption of access to court records and documents at all stages of a judicial proceeding, that "interest does not always trump the property and privacy interests of the litigants." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir.1999); *see also Continental Illinois*, 732 F.2d at 1302. The public's interest "can be overridden only if the ... [privacy] interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Citizens*, 178 F.3d at 945. The Court in *Citizens* stated that:

> [t]he determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to

6

review any request to seal the record (or part of it). *Id.* The party seeking to protect documents bears the burden of showing good cause.

In order to show good cause, the party must present a detailed discussion of the information sought to be protected, supported by valid reasons and legal citations. *Baxter Int'l v. Abbott Labs,* 297 F.3d 544, 548 (7th Cir. 2002). The party seeking to seal documents must specifically show that the information amounts to trade secrets in the relevant industry. *Continental Illinois*, 732 F.2d at 1308; Fed.R.Civ.P. 26(c)(1)(G). The Court will review the disputed documents and determine whether to allow the parties to file them under seal based on whether the moving party can make a reasonable argument that specific harm, such as the release of trade secrets, would occur. Otherwise, the court will come down on the side of the public.

**I. Timing of the Motions**

Initially, the Court addresses Mr. Zell and EGI-TRB's request that ruling on the Motions be deferred until the District Court resolves the Federal Rule of Civil Procedure 12(c) motion. (Zell Mot. To Confirm at pp. 2-3.) The District Court ruled on the Motion for Judgement on the Pleadings on August 9, 2010. [ECF No. 300]. Therefore, Mr. Zell and EGI-TRB's request is denied as moot.

In addition, the Court denies GreatBanc's request that it

rule on the Motions at a later stage of litigation.  GreatBanc asserts that the Motions are premature because no party is materially prejudiced by the designation of documents at this time in the litigation.  (GreatBanc Mem. at pp. 4-5.)  GreatBanc argues that there is no prejudice because the parties are not prohibited from using the Confidential documents in pleadings or motions, provided that they are filed under seal or redacted. (*Id.*)  As stated above, there is a presumption for courts to allow the public access to court records unless confidential designation is determined justified.  *See Citizens First Nat'l Bank*, 178 F.3d at 946.  In addition, the docket in this case is cumbersome due to all the redacted and under seal versions of the pleadings.  Therefore, this Court will not delay in addressing these Motions in order to determine the proper designation of the disputed documents.  GreatBanc's request that the issues raised in the Motions be ruled on later in this litigation is denied and the Court moves forward with its ruling on the Motions.

## II.  The Zell Defendants' Documents

In their Motion to confirm confidential designation, Mr. Zell and EGI-TRB (the "Zell Defendants") maintain that seven disputed documents or groups of documents contain Confidential information, as defined by the Protective Order, and should not be publicly disclosed.  (Zell Motion at pp. 1-2.)  Plaintiffs respond that the Zell Defendants cannot overcome the presumption

that documents filed with the Court should be made public. (Pls. Consol. Resp. at pp. 3-5.) The Court must balance the parties' interest in keeping certain information confidential against the public's right to inspect documents filed in a court proceeding. *See Union Oil Co. Of California,* 220 F.3d at 567.

For each document or group of documents, the Zell Defendants make a general claim that the information included is competitively sensitive, private business strategy, but offer no specifics at to why each is sensitive or amount to a trade secret under Federal Rule of Civil Procedure 26(c)(1)(G). As the Court in *Union Oil Company* stated, "[c]alling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)." 220 F.3d at 567. The same concept is true here. Overall, the Zell Defendants make little effort to justify their various claims of secrecy, and calling the documents sensitive is not adequate. Therefore, the Court finds that the Zell Defendants do not satisfy their burden to prove that their interest in keeping certain information confidential outweighs the public's right to inspect documents filed in a court proceeding. The Court briefly considers the specific documents at issue.

First, the Court considers a two-page document consisting of a chain of e-mails dated February 1-2, 2007. (Zell Motion at Ex.

2). This e-mail chain is between future Tribune Company executives and someone involved in due diligence for EGI-TRB. (*Id.*) The subject of the e-mails is real estate valuations and a preliminary analysis of the Tribune Company business. The Zell Defendants argue that this e-mail chain should be kept Confidential because it "contains internal, non-public communications among representatives of EGI-TRB and it reflects the discussion of business plans related to the [2007 Tribune ESOP] Transaction, including non-public financial information and the valuation of Tribune assets in connection with the Transaction." (*Id.* at 4.) However, in this vague description, the Zell Defendants do not specify which information is sensitive or private, why it is so, or the effect if this information is publicly disclosed. After review of the document, the Court notes that the only financial information revealed in this document is an approximate range of the real estate value of the Tribune Tower. The Court does not find that this information merits sealing of the entire document. The Zell Defendants do not present a persuasive argument as to why this document should be kept Confidential and do not specify what other information in this document is sensitive. Therefore, the Zell Defendants' request to designate this document as Confidential is denied, as they do not meet their burden of showing good cause to keep this document under seal.

Another document that the Zell Defendants request remain under seal is a February 20, 2007 memorandum. (Zell Motion at Ex. 3). The Zell Defendants claim that this document should be designated Confidential because it falls under the attorney-client privilege, as it includes attorney-client legal advice from McDermott Will & Emery to the Tribune Company's general counsel. (Zell Motion at p. 4.) However, the Zell Defendants admit that this document was later shared with EGI-TRB. (*Id.*) The attorney-client privilege is limited to confidential communications by a client to an attorney made in order to obtain informed legal advice. *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000). Since this document was not kept confidential between the attorney and client, the attorney-client privilege does not apply. The Zell Defendants also argue that this document should be kept Confidential because it reflects financial advice related to the ESOP transaction, including the planning and structure. Plaintiffs respond that this document is not sensitive in nature and argue that it should be unsealed as it underpins important allegations in their Third Amended Complaint. Again, the Zell Defendants do not explain how the information in this document rises to the level of a trade secret in order to overcome the presumption of public access. The Zell Defendants' request that the February 20, 2007 memorandum be designated Confidential is denied.

The Zell Defendants also argue that e-mails between executives and memoranda from advisors, dated 2007, regarding due diligence, financial analysis, valuations, and negotiations should be Confidential and withheld from the public. (Zell Motion at Exs. 4-8). However, the Zell Defendants do not assert why the information in these documents remains sensitive almost four years later, when the ESOP transaction has been completed. Instead, they argue that Plaintiffs cannot assert that the mere passage of time nullifies the sensitive nature of these documents. (Zell Reply at p. 2.) However, the burden to show good cause is on the Zell Defendants, and they fail to show good cause at any point in time. The Zell Defendants' request that exhibits 4-8 to their Motion be designated Confidential is denied.

Finally, the Zell Defendants assert that these seven disputed documents, nine originally, should remain Confidential because they have been so designated in the "parallel discovery process" in the bankruptcy proceedings in Delaware. (Zell Motion at p. 6.) The Zell Defendants quote a December 15, 2009 Order, from the bankruptcy proceedings, regarding confidentiality designation in support of their argument. (*Id.*) However, the discovery in the bankruptcy proceeding is not parallel to the discovery in this case, and the Delaware Bankruptcy Court's Order is not binding on this Court. The Zell Defendants do not cite

any case law to the contrary. (*Id.*) Finally, to further discredit this argument, the Zell Defendants have voluntarily de-designated two of the originally disputed documents in this case because they publicly produced them in the bankruptcy case despite the quoted Order.

The Zell Defendants' motion that the Court confirm confidential designation of certain produced documents is denied. The Zell Defendants do not show that the public disclosure of this information would be detrimental to the parties or to third parties, and do not overcome the presumption that documents filed with the Court should be made public.

### III. The Zell Defendants' Motion to Seal

In a separate motion, the Zell Defendants move for leave to file their motion to confirm confidential designation of certain produced documents and its exhibits under seal. The Motion to seal is denied, as the Zell Defendants cannot overcome the presumption of access to the disputed documents, as stated above.

### IV. GreatBanc's Documents

Next, the Court considers Defendant GreatBanc's motion to maintain certain documents as confidential. Plaintiffs and GreatBanc dispute the designation of eleven documents that GreatBanc produced. GreatBanc argues that these documents should be designated as Confidential and withheld from public access and generally states that the documents include private, commercially

13

and competitively sensitive information including financial analyses, negotiations, valuations and pricing. (GreatBanc Mem. at pp. 6-7.)

The eleven disputed documents can be broken into five categories. First, the Court considers whether the ESOP committee meeting minutes, and drafts of the same, should be designated Confidential. GreatBanc asserts that, even though "there has been public filings in connection with the ESOP transaction, the meeting minutes themselves, which show who discussed what issues, when, and what was being contemplated by GreatBanc personnel and other key figures in the ESOP transaction, have not been made a matter of public record." (Abrams Dec. at p. 2.) However, since filing its Motion, GreatBanc has disclosed the March 29, 2007 ESOP committee meeting minutes in the bankruptcy proceedings, thus undermining its argument. (Mulder Corr. Dec. at Ex. C.) GreatBanc does not specify what information in the drafts of the meeting minutes is sensitive or how it would be detrimental to a party or third party if made public, giving the Court no compelling reason to keep these documents under seal. Therefore, GreatBanc's request to designate the ESOP committee meeting minutes and drafts as Confidential is denied.

The next category of documents are those regarding the detailed terms of engagement for GreatBanc and its financial

advisor, Duff & Phelps. GreatBanc asserts that these documents contain detailed discussions of tax, legal, and other financial information, including Great Banc's compensation. (GreatBanc Reply at p. 7.) GreatBanc expresses concern that, if made public, certain sensitive material "can be copied and sent to all of GreatBanc's competitors in the ESOP trustee industry." (GreatBanc Reply at p. 3.) Since filing its Motion, GreatBanc has disclosed two of the four Duff & Phelps engagement agreements in the bankruptcy proceedings, making them public. (Mulder Corr. Dec. at Ex. C.) Information that is already public should be made public in this case. However, if certain information in these agreements is made public, it could be detrimental to GreatBanc. Therefore, to the extent the details of the agreements are not public, the Court finds that GreatBanc's commercially and competitively sensitive pricing and other terms may be redacted. *See Methodist Hosps., Inc. v. Sullivan,* 91 F.3d 1026, 1032 (7th Cir. 1996)(finding that, even where a party is able to identify specific genuine confidential material within documents concealed by the protective order, a court nevertheless may place the documents in the public record following redaction of the confidential material.).

GreatBanc also argues that the financial analysis prepared by Duff & Phelps should be designated Confidential and kept under seal. Plaintiffs respond that this information is no longer

15

sensitive, since it is more than three years old and portions of it have been made public in the bankruptcy proceedings. (Pls. Consol. Resp. at p. 7.) In its Reply brief, GreatBanc contends that Plaintiffs' arguments are not the "basis for such a sweeping, wholesale denial of the limited confidentiality protections GreatBanc asserts here." (GreatBanc Reply at. P. 6.) However, GreatBanc does not specify what information is still sensitive at this point in time or how it may be impacted detrimentally if the information is made public. GreatBanc's request that the Court confirm the Confidential designation of the financial analysis prepared by Duff & Phelps is denied.

Next, GreatBanc argues that the redlined version of the ESOP purchase agreement should be designated Confidential. GreatBanc notes that, even though the ESOP Purchase Agreement is a matter of public record, the draft includes underlying negotiations. However, GreatBanc does not argue as to why the negotiations are sensitive or rise to the level of trade secrets. Therefore, this request is denied.

The final category of documents include handwritten notes and e-mails regarding the valuation of the Tribune Stock and/or the Tribune Company. GreatBanc asserts that these notes set forth opinions by Duff & Phelps based upon confidential Tribune information. GreatBanc argues that "even though Tribune filed for bankruptcy protection and certain financial information is a

matter of public record, *these* analyses at issue in these documents have not been publicly disclosed. (Abrams Dec. at p. 4, emphasis in original.) However, again, GreatBanc does not support this assertion with case law or reasoning. GreatBanc's motion to maintain certain documents as Confidential is denied.

## Conclusion

For the reasons set forth above, GreatBanc's motion to maintain certain documents as "confidential" under the parties' confidentiality protective order [ECF No. 205] is denied; Mr. Zell and EGI-TRB's motion to confirm confidential designation of certain produced documents and/or for deferral of confidentiality determination pending resolution of the Rule 12(c) motion [ECF No. 207] is denied; and Mr. Zell and EGI-TRB's motion for leave to file documents under seal [ECF No. 210] is denied. Plaintiffs' request that the public have access to these documents is granted. The parties are ordered to place the disputed documents that have previously been designated Confidential and filed under seal into the public record and the Plaintiffs are to file an unredacted version of the Third Amended Complaint in compliance with the rulings in this Order.

Dated: March 3, 2011

ENTERED:

_____
ARLANDER KEYS
United States Magistrate Judge