# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAN NEIL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 08-cv-06833 |
| ) | |
| v. ) | Hon. Rebecca R. Pallmeyer |
| ) | |
| SAMUEL ZELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **PRELIMINARY APPROVAL ORDER**

This matter comes to be heard on the motion of Plaintiffs Dan Neil and Eric Bailey, on behalf of themselves and the Class, for an order preliminarily approving the Settlement Agreement and the form and manner of Class Notice pursuant to Fed. R. Civ. P. 23(e), and to schedule a Fairness Hearing for consideration of final approval of the Settlement. Terms that are defined in Section 1 the Settlement Agreement shall have the same meaning in this Order.

The Court has reviewed Plaintiffs' motion, the proposed Settlement, the written submissions in support of preliminary approval of the Settlement, and has held a hearing on Plaintiffs' motion. Having been advised in the matter:

IT IS HEREBY ORDERED that the Motion is GRANTED in its entirety. The Court preliminarily approves the Settlement because it finds that the proposed Settlement is well within the range of reasonableness of a settlement that ultimately could be given final approval by the Court. *See Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980). The Court also preliminarily approves the proposed Settlement's Plan of Allocation, as set forth in Section 6.2 of the Settlement Agreement, which provides "for the amount of the Net Settlement Amount to be allocated to the Class Members' individual ESOP Accounts based upon

1

2

the Class Members' pro rata stock allocation under the Tribune ESOP to such Class Members as of December 31, 2010."

It is further ORDERED that within fifteen (15) business days after the Settlement Agreement Execution Date (which was October 18, 2011), i.e., by November 8, 2011, a Settlement Account shall be established consistent with the Settlement Agreement as a qualified settlement fund pursuant to section 468B of the Internal Revenue Code and applicable Treasury regulations. This Court shall have continuing jurisdiction over the Settlement Account.

It is further ORDERED that within thirty (30) calendar days of latest of (i) entry of this Order; (ii) the Bankruptcy Approval Order; or (iii) entry by the Bankruptcy Court of an order modifying the Automatic Stay, the Funding Parties shall deposit a total of $17,250,000.00 of the Settlement Amount into the Settlement Account, pursuant to the Settlement Agreement and the Funding Parties Agreement referenced therein.

The Court has reviewed the proposed form of Notice to the Class and finds that it fairly and adequately: (i) describes generally the terms and binding effect of the Settlement and this Settlement Agreement and explains the Plan of Allocation, (ii) gives notice of the time and place of the Final Approval and Fairness Hearing, (iii) describes how an Objection may be made to entry of the Final Approval Order and the deadline for the filing of such Objection, (iv) describes how Class Counsel will apply to the District Court for an award of attorneys' fees and costs and the deadline for the filing of such application, and (v) describes how the Named Plaintiffs will apply to the District Court for Class Representative Enhancement Payments and the deadline for the filing of such application. The Court further finds that service of the Class Notice via first class mail, postage prepaid, at the current or last known address provided by Tribune is the best

2

practicable method of transmitting the Class Notice, and confirms that Class Members do not have the right to opt out of the Settlement.

It is further ORDERED that Garden City Group shall be the Settlement Administrator and the Settlement Administrator shall mail the Class Notice to all Class Members by first-class mail, postage prepaid not later than five (5) business days after entry of this Order. In the event that a Class Notice sent by mail is returned as undeliverable, the Settlement Administrator shall make reasonable efforts to obtain a valid mailing address within five (5) business days of the date of the return of the Class Notice. Following each search that results in a corrected address, the Settlement Administrator shall promptly resend the Class Notice to the Class Member by first-class mail, postage prepaid. In any event, such efforts must be completed by November 30, 2011, that is no less than forty (40) business days before the Final Approval and Fairness Hearing date.

It is further ORDERED that consistent with the terms of the Settlement the Court sets the date for the Fairness Hearing and consideration of final approval of the Settlement on January 30, 2012, at \_\_\_\_ a.m., (a date which is at least seventy-five (75) calendar days after the mailing of the Class Notice and at least ninety (90) calendar days after the mailing of Class Action Fairness Act Notices as provided in Section 2.3.4. of the Settlement).

It is further ORDERED that on November 15, 2011, Class Counsel shall file a motion seeking attorneys' fees, costs, and class representative enhancement payments as provided in Sections 4.1.1 and 4.2.1 of the Settlement.

It is further ORDERED that on January 24, 2012, Class Counsel shall file a motion seeking a final approval order of the Settlement and judgment dismissing this case with prejudice.

4

It is further ORDERED that prior to the Fairness Hearing any Class Member who wishes to object to this Settlement or otherwise to be heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than December 16, 2011, which is forty-six (46) calendar days after the deadline for the Settlement Administrator to mail the Class Notice. The Objection must set forth any and all objections to this Settlement and include any supporting papers and arguments.

_____        _____
DATE                                                            Honorable Rebecca R. Pallmeyer
                                                                        UNITED STATES DISTRICT JUDGE

Entered: